IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHONIILA ROBINSON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    NO. 2:20-cv-00156-SRW |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant. | ) |

MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

On May 3, 2016, Plaintiff Shonila Robinson filed applications for a period of disability and disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging that she became disabled on May 1, 2016. The applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following three hearings, the ALJ issued an unfavorable decision dated January 22, 2019. Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for review on December 31, 2019. The ALJ's decision therefore became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all

---

[1]Kilolo Kijakazi became acting Commissioner for the Social Security Administration on July 9, 2021.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 16, 17. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court finds that the Commissioner's decision is due to be AFFIRMED.

## II.    STANDARD OF REVIEW AND REGULATORY FRAMEWORK[2]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[2] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (citations omitted and bracketed material added).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment severe?
>
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
>
> (4) Is the person unable to perform his or her former occupation?
>
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

F.3d 1232, 1237-39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To address the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 40 years old at the time she filed her applications for benefits and was 42 years old at the time of the ALJ's decision. (Tr. 10, 16, 148, 294).[5] Plaintiff is a resident of Montgomery, Alabama, and was living with a family friend. (Tr. 35, 42, 52, 71). She earned an associate's degree as a pharmacy technician. (Tr. 42-43).

---

[5] References to the transcript pages are denoted by the abbreviation "Tr."

Plaintiff claims that her ability to work is limited by cervical radiculopathy, chronic migraines, post-traumatic stress disorder ("PTSD"), high blood pressure, bipolar disorder, anxiety, depression, and mild cervical disc disease. (Tr. 346). Plaintiff seeks a closed period of disability from May 1, 2016 through March 18, 2018. (Tr. 10, 318).

Following the administrative hearings, at which Plaintiff, two medical experts and a vocational expert testified, and employing the five-step process, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. From May 1, 2016 through March 18, 2018, the claimant did not engage in substantial gainful activity (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. From May 1, 2016 through March 18, 2018, the claimant had the following severe impairments: morbid obesity, headache disorder, major depression, and anxiety with allegations/indications of posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(C)).

4. From May 1, 2016 through March 18, 2018, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, and taking the claimant's obesity into consideration, the undersigned finds that for the closed period from May 1, 2016 through March 18, 2018, this 40-42 year old claimant with two years of college education retained, had the residual functional capacity to perform light exertion work, as defined in 20 CFR 404.1567(b) and 416.967(b) except she was limited to the frequent use of the lower extremities for the operation of foot controls and she was limited to frequent balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs. The claimant should never climb ladders/ropes/scaffolds, however. The claimant could frequently lift and carry, etc. up to 10 pounds, and occasionally up to 20 pounds. The claimant is assessed with mild to moderate pain, which does not cause abandonment of task or of the work station; here the terms mild and moderate are specifically defined as not preventing the satisfactory completion of work. However, due to the

> potential effects of pain and her mental impairments and any medication side effects, I find that the claimant was limited to simple, unskilled, repetitive, and routine work, in jobs with a low social and low-stress work environment, one which has only casual and occasional interaction with coworkers, supervisors, and members of the general public. She should work in jobs with only routine changes, and in jobs with no multiple or rapid, changes. See, compare, Exhibit C 7 A, P. 12.
>
> 6. From May 1, 2016 through March 18, 2018, the claimant was capable of performing past relevant work as an assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. On March 19, 2018, the claimant returned to full-time work with no significant medical limitations.
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 12, 13, 14, 16, 21, 23).

## IV. DISCUSSION

Plaintiff presents a single issue on appeal: "whether the ALJ erred by finding the impairment of cervical radiculopathy and cervical disc disease to be non-severe impairments." (Doc. 11, at 1, 4). The Commissioner contends that Plaintiff fails to provide evidence to support her allegations that her alleged cervical radiculopathy and cervical disc disease were severe impairments and that substantial evidence supports the ALJ's findings at step two.

An impairment or combination of impairments is "severe" if it "significantly limits [the plaintiff's] physical or mental ability to do basic work activities"[6] and persists for at least twelve consecutive months. 20 C.F.R. §§ 404.1520(c) and 416.920(c); 404.1505(a) and 416.905(a).

---

[6] Basic work activities are "the abilities and aptitudes necessary to do most jobs," such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [c]apacities for seeing, hearing, and speaking; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 CFR § 404.1521(b) (2016).

Plaintiff bears the burden to prove that an impairment is severe. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Step two is a threshold inquiry," *McDaniel*, 800 F.2d at 1031, which acts as a "filter" to eliminate claims involving no substantial impairment, *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In the Eleventh Circuit, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Id*. When an ALJ recognizes at least one severe impairment, the ALJ is not required to identify additional impairments at step two if the decision demonstrates that the ALJ properly considered all impairments at subsequent steps. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). At the fourth step of the sequential evaluation process, an ALJ must consider all medically determinable impairments, not just the "severe" impairments identified at step two. *Id*.; 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). The ALJ's responsibility is met when she considers all medical evidence in the record by referencing the claimant's "combination of impairments" at step three and stating that she considered "all symptoms" in assessing the RFC. *Tuggerson-Brown*, 572 F. App'x at 951-52. Importantly, the "mere existence" of an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

At step two in this case, the ALJ satisfied the threshold inquiry by finding that Plaintiff has severe impairments, namely morbid obesity, headache disorder, major depression, and anxiety with allegations/indications of posttraumatic stress disorder. (Tr. 13); *see Jamison*, 814 F.2d at 588. The ALJ also found that Plaintiff has non-severe impairments including hypertension, gastroesophogeal reflux disease ("GERD"), right ovarian benign cyst, uterine fibroids, cervical disc disease with radiculopathy, and bipolar disorder. (Tr. 13). Because the ALJ found that Plaintiff has at least one severe impairment, the ALJ was not required to identify all of Plaintiff's severe

impairments before moving to step three of the sequential evaluation process. *See Tuggerson-Brown*, 572 F. App'x at 951-52.

Having found that the ALJ did not err at step two, the court must consider whether the ALJ considered all of Plaintiff's impairments, regardless of severity, in performing the next steps of the sequential evaluation process. Without citing to the medical record, Plaintiff argues in a conclusory manner that "[t]he medical evidence of record supports a finding that [Plaintiff's] history of cervical impairments are severe impairments;" that "[t]he evidence shows that the alleged cervical impairments are not of such slight and minimal effect that they can be considered not severe;" and that the ALJ therefore "erred in finding the alleged impairments to be not severe." (Doc. 11, at 4). However, Plaintiff fails to identify the limitations that the ALJ should have included in the RFC or to cite to any medical evidence in the record that demonstrates that such an additional impairment had or would have had any impact on her ability to perform basic work activities during the relevant period. A "claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also Crans v. Berryhill*, No. 3:16-CV-914-GMB, 2017 WL 4683933, at *5 (M.D. Ala. Oct. 18, 2017) ("[T]he mere diagnosis of [a condition] says nothing about the severity of the condition." (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988))).

Moreover, the ALJ specifically stated that he considered the "entire record" and "all" of Plaintiff's symptoms, including the combined effects of Plaintiff's medically determinable impairments. (Tr. 12, 16, 19, 21). These statements demonstrate sufficiently that the ALJ considered all of the necessary evidence. *See Tuggerson-Brown*, 572 F. App'x at 951-52. Further, with respect to the alleged cervical disc disease with radiculopathy, the ALJ in fact discussed Plaintiff's symptoms and limitations in detail. The ALJ found the following:

8

> Although primary care notes from early 2015 refer to a history of degenerative cervical spine disc disease with radiculopathy, the record is devoid of complaints of neck pain or treatment for a cervical spine disorder. In addition, the only available objective testing, x-rays taken in February of 2015, demonstrated that the vertebral bodies were normal in height and alignment, and there was no soft tissue swelling or other abnormality noted, resulting in a negative finding upon three views of her cervical spine.

(Tr. 13, 421, 440).

In determining Plaintiff's RFC, the ALJ noted Plaintiff's testimony that she had cervical radiculopathy. (Tr. 17). The ALJ also considered Plaintiff's medical records showing the following:

> [O]n January 29, 2018, the claimant's neck was supple, no tenderness . . . her back was non-tender with a normal range of motion, her musculoskeletal system exhibited a normal range of motion with no tenderness, no focal neurological deficit was noted . . . . Similar results were noted in August 2017, when the claimant presented to the emergency room for a headache (she had no back pain, her neck was supple, no tenderness, her back was non-tender, full normal range of motion, she had normal strength, was alert to person, place, time and situation, with normal motor abilities observed, normal coordination observed).

(Tr. 19, 610-11, 654). Additionally, the ALJ noted Plaintiff's medical records from February 20, 2015, which showed that her neck x-rays were normal. (Tr. 20, 421, 440). The ALJ also considered testimony from Dr. James Anderson, M.D., who acknowledged Plaintiff's history of cervical pain along with her other impairments but concluded that the "medical evidence did not show that she met or equaled any of the listings" and that "she could have performed work at the light and sedentary exertion levels, despite her pain and other complaints/conditions(obesity), and that she could do the work she was presently doing." (Tr. 19-20, 58).

The record reflects that the ALJ properly considered Plaintiff's cervical disc disease with radiculopathy. The ALJ's decision includes a thorough discussion of Plaintiff's alleged impairments, including cervical disc disease with radiculopathy, and provides a full explanation for her conclusion that this impairment was not severe. Accordingly, based upon the entire record, the court concludes that the ALJ did not err in considering Plaintiff's alleged impairments at step

9

two and that the ALJ adequately considered Plaintiff's cervical disc disease with radiculopathy in formulating her RFC.

## V. CONCLUSION

The court has carefully and independently reviewed the record and it concludes that, for the reasons given above, the Commissioner's decision is due to be AFFIRMED. A separate judgment will issue.

DONE, on this the 17th day of August, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge